DOUGLAS and others v. DOUGLAS.

Where a default is set aside and the defendant is allowed to come in and answer, the court will not debar him from setting up the statute of limitations; unless there are special circumstances or the delay in appearing has affected the complainant's right to rebut the pleading of the statute.

*April* 13, 1840.

*Practice. Opening default. Statute of limitations.*

MOTION, on petition, to set aside default and to be allowed to come in and answer.

The defendant, George Douglas, was served with a subpœna a short time before he was about to leave for Europe ; and it had not been attended to. The matter of the suit related to family property of large value. The complainants were willing to let the party in, provided he did not set up the statute of limitations ; but gave no special ground for so restricting an appearance. The defendant's counsel read the affidavit of Mr. James Monroe, which, after showing Mr. M.'s connection with the Douglas family and his knowledge of its affairs, set forth the following : " This deponent further saith, that the subject of the settlement of the estate in controversy had for many years been a topic of conversation in the family, during which time continued attempts were making for a friendly arrangement, but that the subject was postponed from time to time and no settlement or compromise ever made ; and the present suit was, at least, commenced, in consequence of the uncertainty of the residence of Mr. Douglas, the defendant, abroad. That from what has occurred on the subject and from what deponent knows of the sentiments of the defendant, he believes and is satisfied that if the defendant were left to the unbiassed exercise of his own opinions and feelings, he would reject any defence not strictly growing out of the merits on the construction of the settlement mentioned in the bill of complaint and especially any defence of the statute of limitations, if, indeed, he intended to make any defence at all, sensible as he is that his right at best is the odious one of primogeniture. That he has always expressed indignation at any suggestion

that he might make use of said statute on any similar plea and actually wrote a letter to one of the complainants disclaiming such intention, but which letter deponent fears may now be lost."

Mr. *J. W. Gerard*, for the defendant.

Mr. *G. W. Morris*, for the complainants.

THE VICE-CHANCELLOR :—The propriety of opening the default, so as to let the defendant in to answer the bill, is not disputed. The only question is whether, in granting him the favor, as it is called, the court ought to impose it as a condition that he shall not attempt to avail himself of the statute of limitations as a defence ? I find no case where, without some special circumstances, which do not exist in the present case, the court of chancery has undertaken to impose such a condition upon a defendant. If the complainants could show that, by reason of the delay in not appearing and answering the bill, the complainants have been or are likely to be deprived of the means of rebutting the defence of the statute or will be placed in any worse condition by the defendant's now being permitted to set up such a defence, than they would have been in had the answer containing it been filed in due season, the court would take care that no such consequence should result. But the complainants do not allege that they are likely to be prejudiced in that way.

It seems that the defendant feels himself under a moral obligation not to avail himself of the statute of limitations for his protection ; if so, leaving him at liberty on that subject can do the complainants no harm ; and it would be to distrust the high sense of honor and justice which he appears to possess, as disclosed by the affidavit of Mr. Monroe, if the court were to lay him under any restraint in answering the bill as to any matter of defence which he may think proper to set up. Again, if the complainants have evidence to repel a defence under the statute, as it would seem they have, they will have an opportunity of producing it should the defence be resorted to.

Order, that the default be set aside ; and that the defendant have four months to answer, on payment of costs.